CHAUNCEY DEWEY et al., *Appellants,* V. ANDREW M. HINES et al., *Appellees.*

No. 17,787.

HEADNOTE BY THE REPORTER.

1. CONTRACT—*Sale of Real Estate—Form of Deed.* In the sale of real estate it is not necessary in this state that the form of deed be contracted for. In the absence of express stipulations covering the subject a deed with the usual covenants of warranty is implied.

2. —————— *Specific Performance—Partial Failure of Title.* In an action by the vendor for specific performance of a contract for the sale of real estate where the title to one tract of the land sold is defective, it devolves on the vendor to show that such tract was not a material inducement to the sale and that the price could be abated without injury.

Appeal from Rawlins district court. Opinion filed October 12, 1912. Affirmed.

*Charles Blood Smith,* and *Samuel Barnum,* both of Topeka, for the appellants; *Dempster Scott,* of Atwood, of counsel.

*J. P. Noble,* of Oberlin, and *T. F. Garver,* of Topeka, for the appellees.

*Per Curiam:* The plaintiffs stood on the contract—performance on their part and nonperformance by the defendant. No matters of waiver by or estoppel on the part of the defendant were pleaded in the petition or reply. The testimony must be considered in the light most favorable to the defendant.

Even the first $5500 of the price was not due until deed and abstracts based on clear and perfect title were ready for delivery. That time has not yet arrived. Abstracts were not furnished at all according to the contract. The instrument tendered as a deed is not a conveyance of the land, and does not warrant title to the land. It is not necessary in this state that the form of deed be contracted for. In the absence of

express stipulation covering the subject a deed with the usual covenants of warranty is implied. The form of the instrument tendered was objected to before the plaintiffs changed their position. The subject of title was involved because of the character of abstract to be furnished. The title to a small parcel of the land is defective and it devolved on the plaintiffs to show that the tract was not a material inducement to the sale and that the price could be abated without injury. This they failed to do.

The result is, the plaintiffs failed to make out a case and the defendant was entitled to rescind.

The judgment of the district court is affirmed.